**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ATKINS, | 1:07-cv-01027-OWW-GSA (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| BREWER, et. al., | (Doc. 1) |
| Defendants. | |

**I.   SCREENING ORDER**

Charles Atkins ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis. Plaintiff filed his complaint on July 19, 2007 – which is presently before the Court for screening.

**A.   Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### B. Summary of Plaintiff's Complaint

Plaintiff is a state prisoner at Pleasant Valley State Prison ("PVSP") in Coalinga, California – where the acts he complains of occurred.

Plaintiff names defendants: Medical Technical Assistants Brewer ("MTA Brewer") and Harper ("MTA Harper"); Doctors Duenas, James C. Thomas, Ortiz, and Flores; Chief Medical Officer F. Igbinoza ("CMO Igbinoza"); and Warden James A. Yates ("Warden Yates").

Plaintiff generally alleges that on July 6, 2005, while playing basketball, he injured his right middle finger. He was seen by MTA Brewer who told him to return to the clinic after institutional count cleared. Plaintiff did as instructed, and received an x-ray, full arm cast, and Motrin for pain. Plaintiff continued to have pain and discomfort in his right hand and finger. On July 25, 2005, Plaintiff filed a 602 "because Plaintiff was a victim of deliberately indifferent inadequate medical attention," "needed to be examined by a hand sergeon (sic) because Plaintiff's fracture was unhealed and the finger was still swollen," and though Plaintiff had been seen by a registered nurse, "the medical care was inadequate leaving Plaintiff in severe chronic pain because the 800 mg of Motrin was not working to relief (sic) the pain." (Doc. 1, pg. 8.) MTA Brewer partially granted Plaintiff's 602 by informing Plaintiff that he would be on a

doctor's list and that the doctor would determine what Plaintiff needed.  Plaintiff was referred to an orthopedic specialist on September 23, 2005, and on October 20, 2005, Plaintiff had an appointment with Dr. Salazar.  On November 14, 2005, Plaintiff had another x-ray taken and no further orthopedic intervention was deemed necessary at that time.  Plaintiff alleges that he has deformity of his right third finger.

Plaintiff seeks monetary damages.

Plaintiff has not stated any cognizable claims, but may be able to amend to correct deficiencies in his pleading.  Thus, he is being given leave to file a first amended complaint along with the standards that appear applicable based on his supporting facts.

### C. Pleading Requirements

#### 1. *Federal Rule of Civil Procedure 8(a)*

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Id. at 514.  "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'"  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin.,

122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### 2. Federal Rule of Civil Procedure 18(a)

"The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

It should be noted that Plaintiff's complaint contains a page enumerating a number of civil rights that he alleges were infringed/violated. This page is written in different handwriting and lists a number of constitutional amendments, statutes, and case law. Plaintiff follows this list with a semi-chronological rendition of facts -- without delineating which facts he feels show that the "constitutional rights" he listed were violated. The Court provides Plaintiff with the following law that appears to apply to his claims. However, the Court is simply unable to ascertain any factual basis for a number of Plaintiff's listed "constitutional rights" which he alleges were violated. The Court will not guess as to which facts Plaintiff believes show any given constitutional violation(s). It is Plaintiff's duty to correlate his claims for relief with their alleged factual basis. If Plaintiff chooses to amend the complaint, Plaintiff would do well to link his factual allegations to all constitutional amendments, statutes, and/or case law that he feels show that his constitutional rights were violated.

Plaintiff is advised that if he chooses to file an amended complaint, and fails to comply with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that are dismissed therein as strikes such that he may be barred from filing in forma pauperis in the

1  future.

### 3. *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff mentions "Defendant Dr. E. Dos Santos" in his factual statement, but fails to list him as a defendant in the caption, or on the form complaint. If Plaintiff intends to pursue claims against Dr. Santos, he must appropriately identify him as a defendant in this action. Plaintiff also fails to link defendants MTA Harper, Dr. Duenas, Dr. Ortiz, Dr. Flores, and Warden Yates to any of his supporting factual allegations. Thus, all claims against these defendants are subject to dismissal. Further, of the defendants mentioned in his supporting facts, Plaintiff needs to clarify which defendant(s) he feels are responsible for any given violation(s) of his constitutional rights. For instance, the only time Plaintiff mentions Dr. Thomas is to state that he took an x-ray of Plaintiff on July 14, 2005 which "clearly supports Plaintiff's claim for relief and establishes an actual injury." (Doc. 1, pg. 8.) The Court fails to see how Dr. Thomas' taking of an x-ray that showed an injury links Dr. Thomas to a violation of Plaintiff's constitutional rights. Thus, all claims against Dr. Thomas are also subject to dismissal. Just mentioning the name of prison

personnel in a semi-chronological rendition of events does not necessarily link that person to constitutional violations.

#### 4. *Exhibits*

Plaintiff's complaint is one hundred eleven (111) pages long. Only ten pages of the complaint contain Plaintiff's factual allegations, all other pages are exhibits.

Plaintiff is advised that the Court is not a repository for the parties' evidence. Originals, or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) need not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court). At this point, the submission of evidence is premature as Plaintiff is only required to state a prima facie claim for relief. Thus, in amending his complaint, Plaintiff would do well to simply state the facts upon which he alleges a defendant has violated his constitutional rights and refrain from submitting exhibits.

Plaintiff's allegations generally refer the court to his exhibits. If Plaintiff attaches exhibits to his amended complaint, each exhibit must be specifically referenced. Fed. R. Civ. Pro. 10(c). For example, Plaintiff must state "see Exhibit A" or something similar in order to direct the Court to the specific exhibit Plaintiff is referencing. Further, if the exhibit consists of more than one page, Plaintiff must reference the specific page of the exhibit (i.e. "See Exhibit A, page 3"). Finally, the Court reminds Plaintiff that the Court must assume that Plaintiff's factual allegations are true. Therefore, it is generally unnecessary for a plaintiff to submit exhibits in support of the allegations in a complaint.

### D.    Claims for Relief

#### 1. *Deliberate Indifference to Serious Medical Needs*

Plaintiff appears to intend to allege that the defendants were deliberately indifferent to his serious medical needs (i.e. his broken finger).

Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Such a

claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1991). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (*quoting* Estelle, 429 U.S. at 104).

Plaintiff's allegations that his finger was broken establishes that he had a serious medical need. If a prisoner establishes the existence of a serious medical need, he or she must then show that prison officials responded to the serious medical need with deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 834 (1994). In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir.1988). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835 (*quoting* Whitley, 475 U.S. at 319). "Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff's allegations fail to show that any of the defendants acted, or failed to act, in a manner that they knew was indifferent to Plaintiff's broken finger. From Plaintiff's allegations, it appears that on the day of he was injured (July 6, 2005) his broken finger was x-rayed, cast, and he was given pain medication. Plaintiff continued to feel pain, and felt that the prescription strength Motrin he was insufficient. On July 25, 2005, Plaintiff filed an inmate appeal because of his continuing pain and discomfort – which MTA Brewer partially granted on August 10, 2005 by placing Plaintiff on "a doctors list" for a doctor to "determine what is medically necessary

during the medical examination." Plaintiff responded on August 28, 2005 asking why his finger had not been taken care of, and that appeal was partially granted on September 26, 2005. (Doc. 1, pg. 8.) On August 21, 2005, another of Plaintiff's inmate appeals was granted by CMO Igbinoza referring Plaintiff to an orthopedic specialist on September 23, 2005, and Plaintiff had an appointment with Dr. Salazar on October 20, 2005. On November 14, 2005, Plaintiff's finger was again x-rayed and it was determined that he no longer required orthopedic intervention or any additional follow-up appointment(s). Plaintiff was seen on December 8, 2005 by "Defendant Medical Doctor E. Dos Santos" (not a named defendant) who prescribed Plaintiff additional medications for pain. (Doc. 1, pg. 9.) None of these facts show that any of the medical personnel acted in a manner that was deliberately indifferent to Plaintiff's broken finger. He was cast, received x-rays, pain medication, and orthopedic consultation – none of which, as alleged, appear to infer any deliberate indifference.

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay, a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir.1994) (*per curiam*); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (*per curiam*). Plaintiff fails to show deliberate indifference on the part of any defendant(s) via some delay in his treatment as he fails to make any allegations to show that any such delay was harmful – i.e. caused his condition to be worse than it would have been if acted on sooner.

The issue of whether Plaintiff was receiving medications that were sufficient to control his pain presents a difference of opinion between Plaintiff and the medical personnel caring for him. Differences of opinion between a prisoner and prison medical staff as to proper medical care do not give rise to a § 1983 claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989); Franklin v. Oregon, 662 F.2d 1337, 1334 (9th Cir.1981).

Plaintiff is reminded that "[m]ere 'indifference,' 'negligence,' or 'medical malpractice'

will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (citing Estelle, 429 U.S. at 105-06). See also Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004).

Thus, Plaintiff fails to state a cognizable claim for deliberate indifference to his serious medical condition.

### 2. *Due Process - Inmate Appeals*

It appears that Plaintiff might intend to grieve the processing, and reviewing of his 602 inmate appeals related to the medical care.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is

not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) citing Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir.2005); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir.1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir.1996).

Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails, and is unable to state a cognizable claim purely for the processing and/or reviewing of his 602 inmate appeals.  Plaintiff may be able to state a cognizable claim under the Eight Amendment for deliberate indifference to his serious medical needs against those medical personnel who were involved in reviewing his inmate appeals.  If Plaintiff states a cognizable claim against a defendant for deliberate indifference to his serious medical needs, he will likely also be able to state a cognizable claim against defendants with medical training if they reviewed and ruled against Plaintiff in his medical grievances/appeals on that same issue.  However, here, Plaintiff has not shown deliberate indifference to his condition by any of the named defendants as discussed in the preceding section.  Therefore, Plaintiff fails to state a cognizable claim against any defendant with medical training for the processing and/or reviewing of his inmate appeals on medical issues.

### 3. *Cruel & Unusual Punishment/Excessive Force*

Plaintiff alleges that he is suing the named defendants for subjecting him to cruel and unusual punishment.  (Doc. 1, pg. 6.)

The Eighth Amendment prohibits those who operate our prisons from using "excessive physical force against inmates." Farmer v. Brennan, 511 U.S. 825 (1994); Hoptowit v. Ray, 682 F.2d 1237, 1246, 1250 (9th Cir.1982) (prison officials have "a duty to take reasonable steps to protect inmates from physical abuse"); see also Vaughan v. Ricketts, 859 F.2d 736, 741 (9th Cir.1988), cert. denied, 490 U.S. 1012 (1989) ("prison administrators' indifference to brutal behavior by guards toward inmates [is] sufficient to state an Eighth Amendment claim"). As

courts have succinctly observed, "[p]ersons are sent to prison as punishment, not *for* punishment." Gordon v. Faber, 800 F.Supp. 797, 800 (N.D.Iowa 1992) (citation omitted), *aff'd,* 973 F.2d 686 (8th Cir.1992). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" Farmer, 511 U.S. at 834, 114 S.Ct. at 1977 (quoting Rhodes, 452 U.S. at 347). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir.2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). Plaintiff's factual allegations focus solely on his broken finger and the medical care and treatment he received. Plaintiff fails to state a cognizable claim for being subjected to cruel and unusual punishment as he fails to show that he was subjected to any acts of brutality, violent assault, malicious and/or sadistic use of force, or any other acts that might constitute excessive force.

### 4. *Supervisory Liability*

Plaintiff names supervisorial defendants CMO Igbinoza and Warden Yates.

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit,

507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts indicating that CMO Igbinoza and/or Warden Yates personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646.

### 5. *State Law Claim – Medical Malpractice*

Plaintiff appears to intend to state a claim for medical malpractice based on the medical care he received for his broken finger.

To establish medical negligence (malpractice), a plaintiff must state (and subsequently prove) all of the following: (1) that the defendant was negligent; (2) that the plaintiff was harmed; and (3) that the defendant's negligence was a substantial factor in causing the plaintiff's harm. Ladd v. County of San Mateo (1996) 12 Cal.4th 913, 917; Ann M. v. Pacific Plaza Shopping Center (1993) 6 Cal.4th 666, 673; Restatement Second of Torts, section 328A; and Judicial Council Of California Civil Jury Instruction 400, Summer 2008 Supplement Instruction.

Plaintiff fails to state any facts to prove that any of the named defendants were negligent, and that Plaintiff's harm was substantially caused by a defendant's negligence. Plaintiff is advised that, pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

## II. **CONCLUSION**

For the reasons set forth above, Plaintiff's complaint is dismissed, with leave to file an amended complaint within thirty days. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order; and
4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:  **January 5, 2009**                              /s/ Gary S. Austin
                                                                     UNITED STATES MAGISTRATE JUDGE