UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ATKINS, | CASE NO. 1:07-cv-01027-GSA  PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| JAMES A. YATES, et al., | |
| Defendants. | (Doc. 11) |

**Screening Order**

Plaintiff Charles Atkins is a state prisoner, proceeding *pro se* and in *forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  On August 3, 2007, Plaintiff consented to jurisdiction by a U.S. Magistrate Judge.  Plaintiff filed this first amended complaint on February 6, 2009, after the January 5, 2009, entry of an order dismissing his original complaint with leave to amend.

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall

1  dismiss the case at any time if the Court determines that . . . the action or appeal . . . fails to state a
2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3      "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
4  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
5  506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and
6  plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).
7  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
8  grounds upon which it rests." Swierkiewicz, *supra*, 534 U.S. at 512. A court may dismiss a
9  complaint only if it is clear that no relief could be granted under any set of facts that could be proved
10 consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately
11 prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may
12 appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the
13 test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003), *quoting* Scheuer v. Rhodes, 416 U.S.
14 232, 236 (1974); *see also* Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need
15 suffice only to put the opposing party on notice of the claim . . . .'"), *quoting* Fontana v. Haskin, 262
16 F.3d 871, 977 (9th Cir. 2001). However, "the liberal pleading standard . . . applies only to a
17 plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n. 9 (1989). "[A] liberal
18 interpretation of a civil rights complaint may not supply essential elements of the claim that were not
19 initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997), *quoting*
20 Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

21 **II.   Plaintiff's Claim**

22     **A.   Summary of Complaint**

23     On July 6, 2005, Defendant Flores examined Plaintiff, who is incarcerated at Pleasant Valley
24 State Prison ("PVSP"), diagnosed a broken finger, and referred Plaintiff to Defendant Thomas for
25 treatment. Dr. Thomas put the finger in a cast but did not set the fracture. Plaintiff contends that
26 his finger would have healed properly if Thomas or his associates had properly set it.

27     On September 29, 2005, Plaintiff's finger still hurt. Dr. Choo, a physician at PVSP,

28

examined Plaintiff and found that the fracture had not properly healed. Defendant Fariborz,[1] a physician at Fresno County Hospital, refused to treat Plaintiff, however, informing Officer Garter, who had transported Plaintiff to the hospital, that he was then too busy to perform the necessary surgery. Plaintiff returned to PVSP without treatment.

On May 12, 2006, Defendant Salazar examined Plaintiff's finger and determined that no orthopedic intervention was necessary.

Nearly two years after Plaintiff's injury, Defendant Smith, a physician at Corcoran County Hospital, performed surgery to release calcium deposits and enable Plaintiff to bend his finger. Nonetheless, on January 30, 2009, Plaintiff remains unable to bend his finger without severe pain.

Plaintiff sues Defendants Florez, Fariborz, Smith, Thomas and Salazar for their negligence in treating his injured finger. These five defendants will collectively be referred to as the "defendant-doctors."

Additionally, Plaintiff explicitly named PVSP Warden James Yates a defendant in his supervisory capacity. Chief Medical Officer Igbinoza apparently is also named in his capacity as supervisor of PVSP medical services.

**B.     Supervisory Personnel - Defendants Yates and Igbinosa**

Plaintiff candidly alleges that Yates is named in his capacity of supervisor of the PVSP staff. Although Plaintiff does not make the nature of his allegation against Medical Supervisor Igbinosa as clear, Igbinosa can only have been named for his role as supervisor of PVSP's medical services. Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior*. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). For defendants in supervisory positions, a plaintiff must specifically allege a causal link between each defendant and his claimed constitutional violation. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). To state a claim for relief for supervisory liability, Plaintiff must allege facts indicating that Yates and Igbinosa either personally participated in the alleged deprivation of Plaintiff's constitutional rights, knew of the

---

[1] Although Defendants Smith and Fariborz were not named in Plaintiff's original complaint, they were identified by their respective roles.

violations and failed to act to prevent them, or promulgated or "implemented a policy so deficient that the policy 'itself is a deprivation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); Taylor, *supra*, 880 F.2d at 1045. Because Plaintiff's complaint does not do so, it fails to state a cognizable claim against Defendants Yates and Igbinosa. In addition, because Plaintiff's intent is to hold Yates and Igbinosa liable for their failure to adequately supervise the PVSP medical staff, amending his claims against Yates and Igbinosa will not suffice to impose supervisory liability on them. Accordingly, this Court will dismiss Defendants Yates and Igbinosa from this case.

### C.   Eighth Amendment Claim - Deliberate Indifference to Serious Medical Needs.

Plaintiff contends that Defendant Thomas's negligence in failing to properly set Plaintiff's finger initiated a long sequence of pain and eventual surgery. His allegations against the remaining doctors express nothing more than frustration that the defendant-doctors could not return his finger to its condition before it was broken. Nonetheless, Plaintiff maintains that the medical treatment of his broken finger demonstrated the defendant-doctors' deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment to the U.S. Constitution. While Plaintiff's injury and apparently permanent pain and disability are unfortunate, the defendant-doctors' maltreatment of his finger does not reach the level of a constitutional violation.

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057, *quoting* Farmer v. Brennan, 511 U.S. 825, 837 (1994). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi, *supra*, 391 F.3d at 1057, *quoting* Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (*citation omitted*). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer, *supra*, 511 U.S. at 834. Deliberate indifference may be manifested "when prison officials deny, delay or

intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Plaintiff here alleges negligence against the defendant-doctors whose collective care of plaintiff resulted in his finger's becoming deformed and painful. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1976). *See also* Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Toguchi, *supra*, 391 F.3d at 1057, 1060 (stating that "[d]eliberate indifference is a high legal standard."); Clement v. Gomez, 298 F.3d 898, 904-05 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 200) (en banc); Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998); Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1997)(en banc); McGuckin, *supra*, 974 F.2d at 1059; Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1998); Toussaint v. McCarthy, 801 F.2d 1080, 1113 (9th Cir. 1986), *cert. denied*, 481 U.S. 1069 (1987), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See* Toguchi, *supra*, 391 F.3d at 1060.

Plaintiff's claims, which sound in medical malpractice, do not state an Eighth Amendment claim for deliberate indifference to serious medical need upon which relief can be granted. Accordingly, the case against the defendant-doctors should be dismissed.

**III.   Conclusion and Order**

Plaintiff's complaint fails to state a claim upon which relief may be granted under federal law. Because amending the complaint will not cure the deficiency, the Court will dismiss this action, with prejudice, for failure to state a claim. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

Accordingly, based on the foregoing, it is HEREBY ORDERED that Plaintiff's complaint is dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:** **June 9, 2009**            **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE